UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
PREMIUM SPORTS INC., as Assignee of
SETANTA SPORT (IRL) LIMITED, as
Broadcast Licensee of the March 31, 2009,
Venezuela/Colombia Soccer Broadcast,

                Plaintiff,

- against -

CRISTINA ALZATE and JIMMY ILLESCAS,
Individually, and as officers, directors,
shareholders and/or principals of JAMAICA
TROPICAL DELI RESTAURANT INC., d/b/a
COMIDA ECUATORIANA, and JAMAICA
TROPICAL DELI RESTAURANT INC., d/b/a
COMIDA ECUATORIANA,

                Defendants.
----------------------------------------------------X

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

10 CV 1982 (CBA)

On April 30, 2010, plaintiff Premium Sports, Inc. ("Premium Sports") initiated this action against defendants Jamaica Tropical Deli Restaurant Inc., d/b/a Comida Ecuatoriana ("Comida Ecuatoriana"), and Cristina Alzate and Jimmy Illescas,[1] individually and as officers, directors, shareholders and/or principals of Comida Ecuatoriana, seeking damages for the illegal broadcast of a licensed sporting event, in violation of 47 U.S.C. §§ 605(a), 605(e)(3)(C)(i)(II), and 605(e)(3)(C)(ii). (Compl.[2] ¶¶ 22-25). Despite proper service, defendants failed to answer or otherwise respond to the Complaint, and on August 23, 2010, plaintiff filed a motion for default judgment against defendants Alzate and Comida Ecuatoriana. The Clerk of Court thereafter entered a notation of default as to defendant Alzate and the corporate defendant on September 1,

---

[1] On July 22, 2010, plaintiff submitted a Notice of Partial Dismissal, dismissing the claims against Jimmy Illescas, Individually, which was so ordered by the district court on July 26, 2010.

[2] Citations to "Compl." refer to the Complaint, which was filed on April 30, 2010.

2010.

On November 16, 2010, the motion for default judgment was referred to the undersigned to conduct an inquest and prepare a Report and Recommendation as to damages. On February 25, 2011, the Court respectfully recommended that plaintiff be awarded statutory damages in the amount of $10,000.00, plus $680.00 in costs, but declined to recommend an award of attorney's fees because plaintiff failed "to provide any information on the experience of the attorney or attorneys performing the work . . . [or] any basis on which the Court could conclude that the rates charged were reasonable . . . ." (Report[3] at 18). The Court respectfully recommended that plaintiff be given 10 days to submit a supplemental affidavit regarding its request for attorney's fees.

On March 4, 2011, counsel for plaintiff filed a supplemental affidavit in accordance with the Report and Recommendation. In the affidavit, counsel notes that two attorneys and one paralegal performed services in connection with this case: Julie Cohen Lonstein, Esq., who has been practicing for 20 years; Dawn M. Conklin, Esq., who has been practicing law for 14 years; and Eden E. Carr, Paralegal, who has 6 years of experience. Counsel avers that, "based upon a compilation of contemporaneous time records kept in the regular course of business," the attorneys expended 11.34 hours in working on this case, and the paralegal expended 5.20 hours. (Supp. Aff.[4] ¶¶ 5-6). According to the Supplemental Affidavit, both counsel charged an hourly rate of $200 and the paralegal was charged at the hourly rate of $75. Based on the hours worked, plaintiff seeks $2,268.00 in attorney's fees and $390.00 in paralegal fees, for a total of $2,658.00.

As counsel notes, the rates requested have been previously approved as reasonable by

---

[3]Citations to "Report" refer to this Court's Report and Recommendation, which was issued on February 25, 2011.

[4]Citations to "Supp. Aff." refer to the Supplemental Attorney Affidavit in Support of Costs and Fees, which was filed on March 4, 2011.

other judges in this district. See, e.g., J&J Sports Productions v. Welch, No. 10 CV 159, 2010 WL 4683744 (E.D.N.Y. Nov. 10, 2010) (approving rates of $200 for attorneys and $75 for paralegals); J&J Sports Productions v. Bernal, No. 09 CV 3745, 2010 WL 3463156 (E.D.N.Y. July 28, 2010) (same); J&J Sports Productions, Inc. v. Castrillon, No. 07 CV 2946, 2009 WL 1033364 (E.D.N.Y. Apr. 16, 2009) (same). These cases involved similar legal issues and similar expenditures of time. The Court finds that the hours expended and the rates charged by plaintiff's counsel are reasonable in light of the experience of the attorneys, the complexity of the legal issues, and the rates approved in similar cases.

Accordingly, the Court respectfully recommends that plaintiff be awarded $2,658.00 in attorney's fees in addition to the $10,000 in damages and $680.00 in costs recommended in the Court's first Report and Recommendation.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b); Small v. Secretary of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
March 8, 2011

_/s/ Cheryl Pollak_
Cheryl L. Pollak
United States Magistrate Judge